UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TANISHA ARGUEDAS,

Plaintiff,

v.

BRIAD HOSPITALITY MANAGEMENT, LLC, *et al.*,

Defendants.

Civil Action No. 22-911 (GC) (TJB)

**MEMORANDUM ORDER**

Plaintiff Tanisha Arguedas ("Plaintiff") brings this action against Briad Hospitality Management, LLC[1] ("BHM" or "Defendant") for alleged violations of the Americans with Disabilities Act, the Family Medical Leave Act, and the New Jersey Law Against Discrimination. (Compl. ¶ 1, ECF No. 1.) This matter comes before the Court upon BHM's Motion to Dismiss and Compel Arbitration. (ECF No. 7.) Plaintiff filed an opposition (ECF No. 11), and Defendant filed a reply (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14 *et seq.*, to thwart "widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Pursuant to the FAA, "[a] written provision in any . . . contract . . . to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When there is a contract between the parties that provides for arbitration, there is "an emphatic federal policy in favor of arbitral

---

[1] Plaintiff originally brought the action against BHM, Briad Lodging Group, LLC ("BLG") and Hilton Garden Inn - Princeton, Lawrenceville ("Hilton Garden Inn"). (Compl. ¶ 1, ECF No. 1.) BHM, however, clarified that BLG and Hilton Garden Inn are not legal entities and are not proper defendants in this matter. (Def.'s Moving Br. 2, ECF No. 7.)

dispute resolution." *Hoover v. Sears Holding Co.*, No. 16-4520, 2017 WL 2577572, at *1 (D.N.J. June 14, 2017) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). "Because arbitration is a matter of contract, before compelling arbitration pursuant to the [FAA], a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citations omitted). "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

The Court has carefully considered the parties' submissions and, first, finds that a valid agreement to arbitrate exists. Specifically, Plaintiff signed an Arbitration Agreement at the outset of her employment with Defendant. The Arbitration Agreement provides:

> Any claim, controversy or dispute (hereafter "claim") that I have against the Company or the Company has against me, arising from or relating to my employment or the termination of my employment with the Company (its owners, directors, officers, managers, employees, agents, franchisors or any company owned by or affiliated with the Company) shall be fully heard and settled by binding arbitration in accordance with the rules of the American Arbitration Association ("AAA") under its Employment Arbitration Rules and Mediation Procedures (the "Rules") and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The parties agree that it is intended that the entire controversy or dispute between the parties, from commencement of the controversy or dispute through the arbitration hearing, including all discovery, be brought in the AAA.

(Gruver Cert. Ex. A ¶ 1, ECF No. 7-5.) Next, the Court is not persuaded by Plaintiff's arguments in opposition to arbitration.[2] (*See generally* Pl.'s Opp'n Br., ECF No. 11.) Finally, the Court finds that the dispute falls within the scope of the Arbitration Agreement. Here, the Arbitration Agreement covers "[a]ny claim, controversy or dispute . . . *arising from or relating to my employment*."[3] (Gruver Cert. Ex. A ¶ 1.) The Court, therefore, finds good cause to grant Defendant's Motion to the extent Defendant seeks to compel arbitration.

The Court, however, finds good cause to deny Defendant's motion to the extent Defendant seeks dismissal. Rather, the Court finds good cause to stay and administratively terminate the matter pending arbitration.

Accordingly,

**IT IS** on this 27th day of February, 2023, **ORDERED** that:

1. Defendant's Motion to Compel Arbitration is **GRANTED**.

2. Defendant's Motion to Dismiss is **DENIED**.

3. This matter is stayed and administratively terminated pending arbitration.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has not responded to Defendant's Motion to Compel Arbitration with "facts sufficient to place the agreement to arbitrate [at] issue." *See Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Cap. Lenders, LLC*, 882 F. Supp. 2d 474, 482 (E.D. Pa 2011).) Moreover, Plaintiff has not persuasively asserted that the arbitration provisions are either invalid or unenforceable.

[3] The Arbitration Agreement includes, but is not limited to claims "under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, the New Jersey Law Against Discrimination, . . . retaliation claims (including . . . claims under the New Jersey Conscientious Employee Protection Act . . .)[,] . . . claims alleging wrongful termination[,] [and] claims alleging violation of any federal or state leave laws or regulations." (Gruver Cert. Ex. A ¶ 2.)